## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| **EXPRESS CARD SYSTEMS LLC,** | **Case No. 6:13-cv-137** |
| Plaintiff, | |
| v. | **PATENT CASE** |
| **CAFEPRESS INC.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Express Card Systems, LLC ("Express Card") files this Complaint against CafePress Inc.

("CafePress" or "Defendant") for infringement of U.S. Patent No. 5,748,484 (the "'484 patent")

and U.S. Patent No. 5,552,994 (the "'994 patent") (collectively the "Asserted Patents").

## THE PARTIES

1.      Express Card is a Texas limited liability company with its principal place of

business at 6136 Frisco Square Blvd., Suite 385, Frisco, Texas 75034.

2.      CafePress is a Delaware corporation with its principal place of business located at

6901 Riverport Drive, Louisville, Kentucky 40258.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement under Title 35 of the United States Code.

4.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal

Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising

under the United States' patent statutes, 35 U.S.C. § 101 *et seq*.

5.      Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because CafePress has

committed acts of infringement in this district and/or is deemed to reside in this district.

6.      This Court has personal jurisdiction over CafePress and venue is proper in this

district because CafePress has committed, and continues to commit, acts of infringement in the

State of Texas, including in this district and/or has engaged in continuous and systematic

activities in the State of Texas, including in this district.

**COUNT I**
**(INFRINGEMENT OF U.S. PATENT NO. 5,748,484)**

7.      Express Card incorporates paragraphs 1 through 6 herein by reference.

8.      This cause of action arises under the patent laws of the United States, and in

particular, 35 U.S.C. §§ 271, *et seq.*

9.       The '484 patent is entitled "System for Printing Social Expression Cards in

Response to Electronically Transmitted Orders."  Express Card has an exclusive license to the

'484 patent with rights to enforce the '484 patent and sue infringers.  A true and correct copy of

the '484 patent is attached as Exhibit 1.

10.     The '484 patent is valid, enforceable and was duly issued in full compliance with

Title 35 of the United States Code.

11.     Express Card has been damaged as a result of CafePress' infringing conduct

described in this Count.  CafePress is, thus, liable to Express Card in an amount that adequately

compensates it for CafePress' infringement, which by law, cannot be less than a reasonable

royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**(Direct Infringement)**

12.     On information and belief, CafePress has and continues to directly infringe one or

more claims of the '484 patent in this judicial district and/or elsewhere in Texas and the United

States, including at least claim 1 by, among other things, making, using, offering for sale, selling

and/or importing systems that infringe the '484 patent including, but not limited to the

technology associated with CafePress' CafePress.com (www.cafepress.com).  CafePress is

thereby liable for infringement of the '484 patent pursuant to 35 U.S.C. § 271.

### (Indirect Infringement – Inducement)

13.     Based on the information presently available to Express Card, absent discovery,

and in the alternative to direct infringement, Express Card contends that CafePress has and

continues to indirectly infringe one or more claims of the '484 patent, including at least claim 1

by inducing others (e.g., end users of CafePress.com) to use the patented systems in violation of

one or more claims of the '484 patent.

14.     CafePress has been on notice of the '484 patent since at least service of this

action.  In accordance with Fed. R. Civ. P. 11(b)(3), Express Card will likely have additional

evidentiary support after a reasonable opportunity for further investigation or discovery on this

issue.

15.     On information and belief, since CafePress has been on notice of the '484 patent,

CafePress has knowingly induced infringement of the '484 patent, including at least claim 1 of

the '484 patent, and possessed specific intent to encourage others' infringement.

16.     On information and belief, since CafePress has been on notice of the '484 patent,

CafePress knew or should have known that its actions would induce actual infringement of the

'484 patent, including at least claim 1 of the '484 patent.

17.     CafePress provides support to users of its CafePress.com.

18.     CafePress has not produced any evidence as to any investigation, design around

or that any remedial action was taken with respect to the '484 patent.  In accordance with Fed .R.

Civ. P. 11(b)(3), Express Card will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

### (Indirect Infringement – Contributory)

19.     Based on the information presently available to Express Card, absent discovery, and in the alternative to direct infringement, Express Card contends that CafePress has and continues to indirectly infringe one or more claims of the '484 patent, including at least claim 1 by contributing to the direct infringement of others, including entities such as end users of CafePress' CafePress.com, to make, use, offer for sale, sell and/or import systems that infringe one or more claims of the '484 patent, including at least claim 1.

20.     CafePress has and continues to contribute to the direct infringement of others, such as end users of CafePress' CafePress.com, by offering to sell, selling and/or importing into the United States a component of a patented apparatus that constitutes a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '484 patent and not a staple article or commodity of commerce suitable for substantial noninfringing use.  An example of such a material component offered for sale, sold and/or imported by CafePress is CafePress' CafePress.com and the technology associated therewith.

21.     On information and belief, CafePress has been on notice of the '484 patent since at least service of this action, or before, but has continued since that time to cause others to directly infringe the '484 patent as alleged herein.  In accordance with Fed. R. Civ. P. 11(b)(3), Express Card will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

22.     Since CafePress has been on notice of the '484 patent, CafePress knew or should have known that CafePress' CafePress.com and the technology associated therewith constituted

material components of the inventions claimed in the '484 patent, are especially made or especially adapted for use in infringement of the '484 patent, and are not a staple article or commodity of commerce suitable for substantial noninfringing use.

23.     By virtue of at least this Complaint, CafePress has been provided with written notice of Express Card's allegation that CafePress has and continues to contributorily infringe the '484 patent and written identification of exemplar products that infringe one or more claims of the '484 patent (e.g., systems used by end users of CafePress' CafePress.com) and written notice of an exemplar material part of these devices (e.g., CafePress' CafePress.com and the technology associated therewith) that are especially made or especially adapted for use in infringing the '484 patent and are not staple articles or commodities of commerce suitable for substantial noninfringing use.

**COUNT II**
**(INFRINGEMENT OF U.S. PATENT NO. 5,552,994)**

24.     Express Card incorporates paragraphs 1 through 23 herein by reference.

25.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

26.      The '994 patent is entitled "System for Printing Social Expression Cards in Response to Electronically Transmitted Orders."  Express Card has an exclusive license to the '994 patent with rights to enforce the '994 patent and sue infringers.  A true and correct copy of the '994 patent is attached as Exhibit 2.

27.     The '994 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

28.     Express Card has been damaged as a result of CafePress' infringing conduct described in this Count.  CafePress is, thus, liable to Express Card in an amount that adequately

compensates it for CafePress' infringement, which by law, cannot be less than a reasonable

royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### (Direct Infringement)

29.     On information and belief, CafePress has and continues to directly infringe one or

more claims of the '994 patent in this judicial district and/or elsewhere in Texas and the United

States, including at least claim 14 by, among other things, making, using, offering for sale,

selling and/or importing systems that infringe the '994 patent including, but not limited to the

technology associated with CafePress' CafePress.com (www.CafePress.com).  CafePress is

thereby liable for infringement of the '994 patent pursuant to 35 U.S.C. § 271.

### (Indirect Infringement – Inducement)

30.     Based on the information presently available to Express Card, absent discovery,

and in the alternative to direct infringement, Express Card contends that CafePress has and

continues to indirectly infringe one or more claims of the '994 patent, including at least claim 14

by inducing others (e.g., end users of CafePress.com) to use the patented systems in violation of

one or more claims of the '994 patent.

31.     CafePress has been on notice of the '994 patent since at least service of this

action.  In accordance with Fed. R. Civ. P. 11(b)(3), Express Card will likely have additional

evidentiary support after a reasonable opportunity for further investigation or discovery on this

issue.

32.     On information and belief, since CafePress has been on notice of the '994 patent,

CafePress has knowingly induced infringement of the '994 patent, including at least claim 14 of

the '994 patent, and possessed specific intent to encourage others' infringement.

33.     On information and belief, since CafePress has been on notice of the '994 patent, CafePress knew or should have known that its actions would induce actual infringement of the '994 patent, including at least claim 14 of the '994 patent.

34.     CafePress provides support to users of its CafePress.com.

35.     CafePress has not produced any evidence as to any investigation, design around or that any remedial action was taken with respect to the '994 patent. In accordance with Fed .R. Civ. P. 11(b)(3), Express Card will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

**(Indirect Infringement – Contributory)**

36.     Based on the information presently available to Express Card, absent discovery, and in the alternative to direct infringement, Express Card contends that CafePress has and continues to indirectly infringe one or more claims of the '994 patent, including at least claim 14 by contributing to the direct infringement of others, including entities such as end users of CafePress' CafePress.com, to make, use, offer for sale, sell and/or import systems that infringe one or more claims of the '994 patent, including at least claim 14.

37.     CafePress has and continues to contribute to the direct infringement of others, such as end users of CafePress' CafePress.com, by offering to sell, selling and/or importing into the United States a component of a patented apparatus that constitutes a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '994 patent and not a staple article or commodity of commerce suitable for substantial noninfringing use. An example of such a material component offered for sale, sold and/or imported by CafePress is CafePress' CafePress .com and the technology associated therewith.

38.     On information and belief, CafePress has been on notice of the '994 patent since at least service of this action, or before, but has continued since that time to cause others to directly infringe the '994 patent as alleged herein.  In accordance with Fed. R. Civ. P. 11(b)(3), Express Card will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

39.     Since CafePress has been on notice of the '994 patent, CafePress knew or should have known that CafePress' CafePress .com and the technology associated therewith constituted material components of the inventions claimed in the '994 patent, are especially made or especially adapted for use in infringement of the '994 patent, and are not a staple article or commodity of commerce suitable for substantial noninfringing use.

40.     By virtue of at least this Complaint, CafePress has been provided with written notice of Express Card's allegation that CafePress has and continues to contributorily infringe the '994 patent and written identification of exemplar products that infringe one or more claims of the '994 patent (e.g., systems used by end users of CafePress' CafePress.com) and written notice of an exemplar material part of these devices (e.g., CafePress' CafePress .com and the technology associated therewith) that are especially made or especially adapted for use in infringing the '994 patent and are not staple articles or commodities of commerce suitable for substantial noninfringing use.

## ADDITIONAL ALLEGATIONS

41.     Express Card has been damaged as a result of Defendant's infringing conduct described herein.  Defendant is, thus, liable to Express Card in an amount that adequately compensates Express Card for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

42.     Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

43.     This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

44.     Defendant's actions complained of herein are causing irreparable harm and monetary damage to Express Card and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

## JURY DEMAND

Express Card hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Express Card requests that this Court find in its favor and against Defendant, and that this Court grant Express Card the following relief:

a.      Enter judgment for Express Card on this Complaint;

b.      Enter judgment that one or more claims of the '484 and '994 patents have been infringed, either directly or indirectly by Defendant;

c.      Enter judgment that Defendant accounts for and pays to Express Card all damages to and costs incurred by Express Card because of Defendant's infringing activities and other conduct complained of herein;

d.      Award Express Card damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

e.      Enter judgment that Defendant accounts for and pays to Express Card a reasonable royalty and an ongoing post judgment royalty because of Defendant's past, present and future infringing activities and other conduct complained of herein;

f.      That Express Card be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

g.      Treble the damages in accordance with the provisions of 35 U.S.C. § 284;

h.      Find the case to be exceptional under the provisions of 35 U.S.C. § 285;

i.      That Express Card be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED: February 11, 2013                    Respectfully submitted,

                                            /s/ *Craig Tadlock*
                                            Craig Tadlock
                                            State Bar No. 00791766
                                            Keith Smiley
                                            State Bar No. 24067869
                                            TADLOCK LAW FIRM PLLC
                                            2701 Dallas Parkway, Suite 360
                                            Plano, Texas 75093
                                            Phone: 903-730-6789
                                            craig@tadlocklawfirm.com
                                            keith@tadlocklawfirm.com

                                            and

                                            Timothy E. Grochocinski
                                            Aaron W. Purser
                                            INNOVALAW, P.C.
                                            1900 Ravinia Place
                                            Orland Park, Illinois 60462
                                            Phone: 708-675-1974
                                            teg@innovalaw.com
                                            apurser@innovalaw.com


                                            COUNSEL FOR PLAINTIFF
                                            EXPRESS CARD SYSTEMS LLC